## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2019, 10:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE
Lakesha L. Norington
Carlisle, Indiana

ATTORNEYS FOR APPELLEES
Curtis T. Hill, Jr.
Attorney General of Indiana

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Lakesha (Shawntrell) Norington,
*Appellant-Plaintiff,*

v.

Officer M. Logan and The State of Indiana,

*Appellees-Defendants*

May 16, 2019

Court of Appeals Case No.
18A-CT-1253

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1710-CT-43

**May, Judge.**

[1] Lakesha Norington[1] appeals the trial court's order of dismissal of her civil action for failure to pay a partial filing fee. We affirm.

## Facts and Procedural History

[2] Norington is an inmate at the Westville Correctional Facility.[2] At some point in 2017, Norington filed a civil action in Henry County Circuit Court against "Officer M. Logan" for "Deliberate Indifference to Health and Safety resulting in assault and battery." (App. Vol. II at 48) (formatting in original). On October 19, 2017, Norington filed a Verified Petition to Waive Civil Court Filing Fees and a Certification of Offender Trust Account. On December 11, 2017, the trial court ordered Norington to pay $2.53 toward the court costs for the Henry County action and required her to do so by January 25, 2018, or the action would be dismissed.

[3] On January 22, 2018, Norington filed a Motion to Correct Record of Court, alleging various defects in the trial court's December 11 order. Norington did not pay the partial filing fee as ordered by the trial court and on February 26, 2018, the trial court entered an order dismissing Norington's Henry County action.

---

[1] Norington's given name is Shawntrell Norington, but she is referenced in court documents as Lakesha.

[2] The record indicates Norington may have been incarcerated at the New Castle Correctional Facility and/or the Wabash Valley Correctional Facility during the underlying proceedings.

# Discussion and Decision

[4] Norington proceeds *pro se*. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Fatal to Norington's appeal is her non-compliance with several appellate rules, the two most important being Indiana Appellate Rule 46(A)(8)(a) and Indiana Appellate Rule 50(2)(a).

[5] Indiana Appellate Rule 46(A)(8)(a) requires, in relevant part, "argument must contain the contentions of the appellant on the issues presented, and supported by cogent reasoning. Each contention must be supported by citations to the authorities [and] statutes[.]" While Norington's brief contains multiple citations to legal precedent, it is unclear how any of that precedent relates to the issues she brings on appeal. Failure to present a cogent argument results in waiver of the issue on appeal. *Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999).

[6] Additionally, Indiana Appellate Rule 50(2)(a) requires the appellant provide the "chronological case summary for the trial court" as part of her appendix. Norington has not done so, and her failure has made it nearly impossible to discern the timeline of events occurring in the Henry Circuit Court prior to the

dismissal of her action.[3]  Because Norington has not provided cogent argument or an adequate record, we cannot determine error occurred below and, accordingly, we affirm the trial court's dismissal of her claim.

# Conclusion

[7]     The issues Norington sets forth in her appeal are waived for failure to make a cogent argument because she did not cite to relevant legal precedent in her brief.  Nor did she provide a Chronological Case Summary in her appendix, as required by Indiana Appellate Rule 50(2)(a), such that we could determine what happened in the trial court prior to the dismissal of her complaint. Accordingly, we affirm.

[8]     Affirmed.


        Baker, J., and Tavitas, J., concur.

---

[3] The State directs us to the MyCase docket for the underlying action, however the MyCase docket is not an official court record, as indicated at the top of the MyCase record.  *See Anderson v. Horizon Homes*, 644 N.E.2d 1281, 1287 (Ind. Ct. App. 1995) (Chronological Case Summary is the official record of the court), *trans. denied*.